IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIE INSURANCE EXCHANGE : | |
| : | |
| Plaintiff, : | |
| vs. : | C.A. No: 1:08-cv-00665 |
| : | |
| INHO KO : | |
| : | |
| Defendant. : | |

**DEFENDANT INHO KO'S MOTION TO DISMISS FOR IMPROPER VENUE
OR, ALTERNATIVELY, TO TRANSFER TO PROPER VENUE**

Defendant Inho Ko ("Ko") seeks dismissal for improper venue under Fed. R. Civ. P. 12(b)(3). The grounds for this Motion are more set forth in the attached Memorandum and accompanying Declaration of Inho Ko.

Respectfully submitted,

s/Edward J. Tolchin
Edward J. Tolchin, DC Bar #297556
Fettmann, Tolchin & Majors, P.C.
10509 Judicial Drive, Suite 300
Fairfax, Virginia 22030
(703) 385-9500
(703) 385-9893 (Fax)
Counsel for Defendant Inho Ko

**Certificate of Service**

I hereby certify that on this 14th day of May, 2008, a true copy of the foregoing Defendant Inho Ko's Motion to Dismiss for Improper Venue or, Alternatively, to Transfer to Proper Venue was served via electronic filing with the Court to those persons receiving ECF notice.

s/Edward J. Tolchin
Edward J. Tolchin

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIE INSURANCE EXCHANGE | : |
| | : |
| Plaintiff, | : |
| vs. | : C.A. No: 1:08-cv-00665 |
| | : |
| INHO KO | : |
| | : |
| Defendant. | : |

**DEFENDANT INHO KO'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR IMPROPER VENUE OR, ALTERNATIVELY, TO TRANSFER TO PROPER VENUE**

Defendant Inho Ko ("Ko") seeks dismissal under Fed. R. Civ. P. 12(b)(3) because venue in this Court plainly is improper. We show below that the motion should be granted or, at the very least, this matter should be transferred to Virginia for the convenience of the parties.

## Facts

1. Ko is an insurance agent who resides in Virginia and whose sole office is in Virginia. Declaration of Inho Ko ("Ko Dec.") (attached) at ¶s 1-3.

2. Ko met with and spoke to assignor Bang Chul Park solely in Virginia. Ko Dec. at ¶ 5.

3. Ko arranged for issuance of an insurance policy to Bang Chul Park in Virginia. Ko Dec. at ¶ 6.

4. Bang Chul Park's advised that his sole place of business is in Virginia. Ko Dec. at ¶ 7.

1

5. If Ko "negligently failed to procure Workers' Compensation insurance to Bankg Chul Park," as alleged in Count I of the Complaint, he did so in Virginia. Ko Dec. at ¶ 8.

6. If Ko "negligently asserted a false statement to Bank Chul Park," as alleged in Count II of the Complaint, he did so in Virginia. Ko Dec. at ¶ 9.

## Argument

### A. This Matter Should be Dismissed for Improper Venue

The venue statute provides as follows for diversity actions, such as this one:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 USCS § 1391(a).

Sections (1) and (3) have no application here given that defendant Ko resides in Virginia, Ko Dec. at ¶ 2, and this action can be brought there. The only possible basis for venue in this Court is section (2), which allows a plaintiff to bring a diversity action in, as relevant here, "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2); *Buchanan v. Manley*, 330 U.S. App. D.C. 259, 145 F.3d 386, 389 (D.C. Cir. 1998).

Under section 2 of the venue statute, "only locations hosting a 'substantial part' of the events that "directly" give rise to a claim are relevant." *Abramoff v. Shake Consulting, L.L.C.*, 288 F. Supp. 2d 1, 4 (D.D.C. 2003) (citing *Jenkins Brick Co. v. Bremer*, 321 F.3d

2

1366, 1371 (11th Cir. 2003)). Moreover, "because the general-venue statute protects the defendant," the focus of the "relevant activities" is on "the defendant, rather than the plaintiff." *Id. See also Gaines, Emhof, Metzler, & Kriner v. Nisberg*, 843 F. Supp. 851, 854 (W.D.N.Y. 1994) (in copyright infringement action, court rejected plaintiff's argument that venue was appropriate in district where subject work was created, because § 1391's emphasis on "events ... giving rise to the claim" should focus on defendant's, rather than plaintiff's, actions); *Daniel v. American Bd. of Emergency Med.*, 428 F.3d 408, 434 (2d Cir. 2005) (defendant rejected plaintiffs' applications to take qualifying tests, and did so at its headquarters in Michigan and mailed letters of rejection from there to some plaintiffs located in W.D.N.Y.; plaintiffs' receipt of letters in W.D.N.Y. was not "substantial" event giving rise to claim within meaning of § 1391); *PKWare, Inc. v. Meade*, 79 F. Supp. 2d 1007, 1016-1017 (E.D. Wis. 2000) (in determining where substantial part of underlying events occurred, court focuses on activities of defendant and not those of plaintiff); *Jenkins Brick Co. v. Bremer, supra,* (courts must focus on relevant activities of defendant, not plaintiff).

In this case, plaintiff presumably believes that venue is proper here in the District of Columbia because Bang Chul Park's, the assignor's, employee who generated the workers' compensation claim which plaintiff allegedly paid was working in the District of Columbia at the time of his industrial accident. *See generally* Complaint. That connection to the District is irrelevant as a basis for venue.

First, the cause of action here is unrelated to where the accident occurred. There is no cause of action here for a workers compensation claim. The two causes of action in this case concern the alleged negligence of defendant Ko. Under the statute, venue is

proper only "in 'a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.' . . . Only the events that directly give rise to a claim are relevant. And of the places where the events have taken place, only those locations hosting a "substantial part" of the events are to be considered." *Jenkins Brick Co. v. Bremer, supra,* 321 F.3d at 1371. If Ko failed to procure insurance or made a misstatement to Bang Chul Park – which are the causes of action in the Complaint (*see* Complaint), Ko did so completely and entirely in Virginia. Ko Dec. at ¶s 8-9. Courts must focus on relevant activities of defendant, not plaintiff. *Id.*

Second, and most importantly, the law is settled that "the fact that the plaintiff may feel damages in the District of Columbia does not create venue under section 1391(a)(2)." *Abramoff v. Shake Consulting, L.L.C., supra,* 288 F. Supp. 2d at 5 (citing *Fin. Mgmt. Servs.,* 2003 U.S. Dist. LEXIS 1631, [WL] at *2 (concluding that basing venue on the place of economic harm would eviscerate the venue statute); *Bigham v. Envirocare of Utah, Inc.,* 123 F. Supp. 2d 1046, 1049 n.2 (S.D. Tex. 2000) (noting that the place where the effects of the alleged wrong are felt does not create venue)). Simply stated, the place of any alleged damage is immaterial to venue.

Plainly, there is no basis here for plaintiff to lay venue in the District of Columbia. This matter should be dismissed under 28 U.S.C. § 1406(a) ("the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought").[1]

---

[1] As noted, if venue is improper, a court also may, in the interest of justice, transfer a case to any other district "in which [the case] could have been brought." 28 U.S.C. § 1406(a). " The D.C. Circuit favors transfer under section 1406(a) "when procedural obstacles [such as lack of personal jurisdiction, improper venue, and statute-of-limitations bars] impede an expeditious and orderly adjudication on the merits."

4

### B.     Alternatively, this Matter Should be Transferred for Convenience

Even if venue were proper in the District of Columbia, which it is not, a transfer to Virginia is warranted under 28 U.S.C. § 1404(a), which authorizes transfer "to any other district or division where it might have been brought" for "the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a).

Here, the plaintiff could have brought the action in the Eastern District of Virginia where the cause of action arose and defendant Ko resides. *See Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996) (this issue is "threshold question"). Moreover, considerations of convenience and the interest of justice weigh in favor of transfer. If Ko committed a tort, he did so in Virginia, and Virginia has a local interest in deciding that local controversy. Moreover, the two primary witnesses – Ko and Bang Chul Park, both reside and maintain their only places of business in Virginia. Therefore, it is in Virginia that the relevant evidence is maintained and the relevant witnesses can be found. Plaintiff is a national insurance company, and can just as readily litigate in Virginia as in the District of Columbia. These factors clearly weigh in favor of transfer to Virginia. *Id.*

Therefore, if the Court does not dismiss, it should at the least transfer this case to the U.S. District Court for the Eastern District of Virginia.

---

*Sinclair v. Kleindienst*, 229 U.S. App. D.C. 13, 711 F.2d 291, 293-94 (D.C. Cir. 1983). We know of no procedural obstacles in this case that would require transfer, rather than dismissal.

5

## Conclusion

For the foregoing reasons, this matter should be dismissed or, alternatively, transferred to the Eastern District of Virginia.

                                              Respectfully submitted,

                                              s/Edward J. Tolchin
                                              Edward J. Tolchin, DC Bar #297556
                                              Fettmann, Tolchin & Majors, P.C.
                                              10509 Judicial Drive, Suite 300
                                              Fairfax, Virginia  22030
                                              (703) 385-9500
                                              (703) 385-9893 (Fax)
                                              Counsel for Defendant Inho Ko

## Certificate of Service

I hereby certify that on this 14th day of May, 2008, a true copy of the foregoing Defendant Inho Ko's Motion to Dismiss for Improper Venue or, Alternatively, to Transfer to Proper Venue was served via electronic filing with the Court to those persons receiving ECF notice.

                                              s/Edward J. Tolchin
                                              Edward J. Tolchin

## DECLARATION

I, Inho Ko, state as follows under oath and upon personal knowledge:

1. I am an insurance agent.

2. I reside in Bristow, Virginia.

3. My only place of business is in Annandale, Virginia, though I sometimes work out of my home Bristow, Virginia.

4. I have never maintained a place of business in the District of Columbia. Though I am licensed as an insurance agent in the District of Columbia, I can only remember one policy I wrote for that jurisdiction approximately five or so years ago; it had nothing to do with Bank Chul Park.

5. I met with and spoke to Bang Chul Park solely in Virginia.

6. I arranged for issuance of workers compensation insurance for Bang Chul Park from my offices in Virginia.

7. Bang Chul Park advised me that his place of business is in Virginia.

8. If I negligently failed to procure Workers' Compensation insurance to Bang Chul Park, as alleged in Count I of the Complaint in Case No. 1:08-cv-00665 (which I deny), I did so in Virginia.

9. If I negligently asserted a false statement to Bank Chul Park, as alleged in Count II of the Complaint in Case No. 1:08-cv-00665(which I deny), I did so in Virginia.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 5/14/08

_____
Inho Ko

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE | : | |
| | : | |
| **Plaintiff,** | : | |
| vs. | : | C.A. No: 1:08-cv-00665 |
| | : | |
| INHO KO | : | |
| | : | |
| **Defendant.** | : | |

ORDER DISMISSING FOR IMPROPER VENUE

Upon consideration of Defendants' Motion to Dismiss for Improper Venue or, Alternatively, to Transfer to Proper Venue, and having heard and considered all arguments relevant thereto, it is this _____ day of _____, 2008,

ORDERED that the Motion is granted and this matter is dismissed.

_____
United States District Judge


Copies to Counsel of Record