IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE | : | |
| | : | |
| Plaintiff, | : | |
| vs. | : | C.A. No: 1:08-cv-00665 |
| | : | |
| INHO KO | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT INHO KO'S REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR IMPROPER VENUE OR, ALTERNATIVELY, TO
TRANSFER TO PROPER VENUE**

Defendant Inho Ko ("Ko") submits this brief Reply to plaintiff Erie Insurance Exchange ("Erie's) Opposition Memorandum ("Opp. Mem.").

<u>Argument</u>

A.  **Plaintiff Confuses Jurisdiction and Venue**

Plaintiff Erie seems to believe that *venue* is proper here because personal jurisdiction is proper, given that defendant Ko is licensed in the District. Opp. Mem. at pp. 2-3. However, even if personal jurisdiction is proper, venue based on personal jurisdiction is proper only when "there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a)(3). Otherwise, jurisdiction is proper only where the "defendant resides" or where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(1) and (2).

Here, there is another jurisdiction where this case could have been brought and, indeed, should have been brought: Virginia. Thus, Erie's "venue based on personal jurisdiction" argument is simply statutorily wrong.

1

**B.     Plaintiff Confuses the "Events or Omissions Giving Rise to the Claim" with the Actions of Non-Parties to this Action**

Plaintiff Erie believes that venue is proper here because a non-party, the allegedly injured employee, brought a workers compensation claim against another non-party, his alleged employer, in the District of Columbia, and therefore "defendant's omissions had a direct effect on the law of the District of Columbia." Opp. Mem. at p. 3. While we are somewhat perplexed by this particularly inarticulate concept (the idea of an "effect on the law" does not make much sense), it does not matter. What a non-party employee did in the District, or what his non-party employer did in the District, is irrelevant. As we pointed out in our opening brief, under section 2 of the venue statute, "because the general-venue statute protects the defendant," the focus of the "relevant activities" is on "the defendant, rather than the plaintiff, or certainly, rather than on non-parties. *Abramoff v. Shake Consulting, L.L.C.*, 288 F. Supp. 2d 1, 4 (D.D.C. 2003) (citing *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003)). *See also Gaines, Emhof, Metzler, & Kriner v. Nisberg*, 843 F. Supp. 851, 854 (W.D.N.Y. 1994) (in copyright infringement action, court rejected plaintiff's argument that venue was appropriate in district where subject work was created, because § 1391's emphasis on "events ... giving rise to the claim" should focus only on defendant's actions); *Daniel v. American Bd. of Emergency Med.*, 428 F.3d 408, 434 (2d Cir. 2005) (defendant rejected plaintiffs' applications to take qualifying tests, and did so at its headquarters in Michigan and mailed letters of rejection from there to some plaintiffs located in W.D.N.Y.; plaintiffs' receipt of letters in W.D.N.Y. was not "substantial" event giving rise to claim within meaning of § 1391); *PKWare, Inc. v. Meade,* 79 F. Supp. 2d 1007, 1016-1017 (E.D. Wis. 2000) (in determining where substantial part of underlying events occurred, court focuses

on activities of defendant); *Jenkins Brick Co. v. Bremer*, *supra,* (courts must focus on relevant activities of defendant).

Here, nothing Ko did or did not do occurred in the District of Columbia. All of Ko's acts or omissions, if any, took place in Virginia.

### C.  Plaintiff Confuses Effects with Events or Omissions

Erie argues that venue is proper here because Ko's "actions had a direct effect and presence in the District of Columbia." Plaintiff's Memorandum at p. 5. The concept of an action having a "presence" is another inarticulate concept which makes no sense, and with respect to where an action has an "effect," the law is settled that "the fact that the plaintiff may feel damages in the District of Columbia does not create venue under section 1391(a)(2)." *Abramoff v. Shake Consulting, L.L.C.*, *supra,* 288 F. Supp. 2d at 5 (citing *Fin. Mgmt. Servs.*, 2003 U.S. Dist. LEXIS 1631, [WL] at *2 (concluding that basing venue on the place of economic harm would eviscerate the venue statute); *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1049 n.2 (S.D. Tex. 2000) (noting that the place where the effects of the alleged wrong are felt does not create venue)). Simply stated, the place of any alleged damage is immaterial to venue.

Erie asserts in a very convoluted argument a belief that the "effect" of actions is not the same as where the economic harm of the actions is felt. Opp. Mem. at pp. 3-5. Specifically, Erie attempts to distinguish economic harm and the alleged "effect on the law of the District of Columbia." Opp. Mem. at p. 3. Whatever Erie contemplates by the phrase "effect on the law," however, this distinction is meaningless. How does anything Ko did or did not do have an "effect on the law." This is sophistic attempt to avoid the clear dictates of the case law.

3

Moreover, Erie's reliance on *Precept Med. Prods. v. Klus*, 282 F. Supp. 2d 381 (W.D.N.C. 2003) is most interesting because that case proves our point. According to Erie, that case and others it cites stand for the proposition that, while venue admittedly is improper if "founded solely on where the damages occur," venue is proper in a place if a defendant could "forsee[]" that his alleged actions could cause injury" in that particular venue. Opp. Mem. at p. 5. What plaintiff fails to understand, or to call to the attention of the Court, however, is that cases like *Precept Med. Products* use the "forseeability" concept only where the *defendant's actions **in that venue** make it foreseeable*. In *Precept Medical*, for example, the Court explained the facts as follows:

> Of particular relevance to this motion are the contacts the Defendant had with residents of North Carolina. The Plaintiff alleges the Defendant contacted the Plaintiff's North Carolina office to seek a position as sales representative. Defendant claims the Plaintiff initiated the relationship. It is undisputed that the Defendant traveled to North Carolina to meet with the Plaintiff, although the parties dispute when the trip occurred. The Defendant claims the trip occurred before the parties entered into the agreement. The Plaintiff claims the trip occurred in March of 2000. The Plaintiff alleges that after the parties entered into the agreement, the Defendant frequently called and e-mailed the Plaintiff in North Carolina. The Plaintiff further alleges that the Defendant's checks from the Plaintiff were drawn on a North Carolina bank, and payments for the products sold by the Defendant were received in a lock box in North Carolina. Plaintiff alleges between January and May of 2001, the Defendant, through AK Medical, sold $ 26,244 worth of the Plaintiff's product to the VA Hospital in Durham, North Carolina.

*Precept Med. Prods. v. Klus*, *supra,* 282 F. Supp. 2d at 384 (internal citations omitted). *See also id.,* 282 F. Supp. 2d at 388.

Here, defendant Ko contacted no one in the District of Columbia. Defendant Ko never traveled to the District to meet with plaintiff or anyone else regarding this matter. Defendant Ko never called or emailed anyone in the District. Defendant Ko drew no checks on a District of Columbia bank. Defendant Ko received no products in a lockbox

4

or anywhere else in the District. And, defendant Ko sold no products in the District at any relevant time. *Precept Med. Products* proves precisely our point: Venue is based on the *defendant's* actions in a district which may make venue there foreseeable, not just where other events occur in which the defendant does not participate.

> **D.  Convenience Transfer is Appropriate**

Plaintiff Erie does not deny that it could have brought the action in the Eastern District of Virginia where the cause of action arose and defendant Ko resides. *See Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996) (this issue is "threshold question"). And, while plaintiff asserts that the District of Columbia has an interest in this matter, because Ko "negligently performed his duties," Opp. Mem. at p. 6, that contention makes no sense because if, indeed, Ko was negligent, *every* such negligent action or omission occurred in Virginia. Ko never took any action in the District at all.

Perhaps most relevant here is that fact that Virginia law, not District of Columbia law, will apply to this matter given that Virginia is where ALL of Ko's alleged actions took place. "The benefit of having a local court construe its own law is a relevant factor in considering a transfer motion." *Schmid Laboratories, Inc. v. Hartford Acci. & Indem. Co.*, 654 F. Supp. 734, 737 (D.D.C. 1986) (granting transfer where no part of the insurance contracts at issue were negotiated, entered into or performed in the District of Columbia). Indeed, "the interests of justice are best served by having a case decided by the federal court in the state whose laws govern the interests at stake." *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 8 (D.D.C. 1996). As explained by one District of Columbia court which transferred venue to the Eastern District of Virginia:

> The … interests of justice support the transfer of this suit to the Eastern
> District of Virginia because this suit is "so inextricably linked to the state

of Virginia." *Franklin v. Southern Ry. Co.*, 523 F. Supp. 521, 524 (D.D.C. 1981). Plaintiff was employed by the Department of Navy at the Arlington National Cemetery in Arlington, Virginia; the accident occurred during the course of plaintiff's employment in Virginia; and the sale of the truck by which plaintiff was allegedly injured occurred in Virginia. Moreover, the substantive laws of the Commonwealth of Virginia must be applied to this suit. *See Nepera Chemical, Inc. v. Sea-Land Service,* 253 U.S. App. D.C. 394, 794 F.2d 688, 695 (D.C. Cir. 1986)(explaining that District of Columbia courts apply the law of the jurisdiction that bears "the most significant relationship to the tortious occurrence and the litigants").

*King v. Navistar International Transp. Corp.*, 709 F. Supp. 261, 262 (D.D.C. 1989).

There can be no real question here that this matter should be transferred to the Eastern District of Virginia, if it is not dismissed.

## Conclusion

Clearly, this matter should be dismissed or, alternatively, transferred to the Eastern District of Virginia.

Respectfully submitted,

s/Edward J. Tolchin
Edward J. Tolchin, DC Bar #297556
Fettmann, Tolchin & Majors, P.C.
10509 Judicial Drive, Suite 300
Fairfax, Virginia  22030
(703) 385-9500
(703) 385-9893 (Fax)
Counsel for Defendant Inho Ko

## Certificate of Service

I hereby certify that on this 4th day of June 2008, a true copy of the foregoing Defendant Inho Ko's Reply Memorandum in Support of Motion to Dismiss for Improper Venue or, Alternatively, to Transfer to Proper Venue was served via electronic filing with the Court to those persons receiving ECF notice.

s/Edward J. Tolchin
Edward J. Tolchin