UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
ERIE INSURANCE EXCHANGE,            )
                                    )
        Plaintiff,                )
                                    )
  v.                                )   Civil Action No. 08-0665 (PLF)
                                    )
INHO KO,                            )
                                    )
        Defendant.                )
_____)

MEMORANDUM OPINION

        This matter is before the Court on defendant's motion to dismiss for improper venue or, alternatively, to transfer to a proper venue ("Mot."), plaintiff's opposition ("Opp."), and defendant's reply ("Rep."). For the reasons stated below, the Court will dismiss the complaint without prejudice.

        Plaintiff Erie Insurance Exchange filed this diversity action as the assignee of Bang Chul Park and Image Remodeling Contractors. Defendant Ko is "a professional insurance agent who sold, or arranged for the sale of several policies of insurance, including Workers' Compensation insurance, to Image Remodeling and Bang Chul Park." Complaint ¶ 6. Plaintiff alleges that defendant "negligently failed to procure Workers' Compensation insurance to Bang Chul Park and Image Remodeling" and negligently informed them that their "policy would cover claims for work performed and claims brought in the District of Columbia." Id. ¶ 16. Plaintiff also alleges that Ko "negligently asserted a false statement" to Park and Image Remodeling, based on the same underlying conduct. Id. ¶ 24.

Defendant argues that none of the events underlying the complaint took place in the District of Columbia. See Mot. at 4. Rather, defendant argues, the proper venue for plaintiff's claims lies in Virginia. Id. Defendant Ko lives in Virginia, works in Virginia, met with and spoke to Bang Chul Park in Virginia, and arranged for the issuance of the insurance policy at issue in Virginia. See id. at 1-2; see also Ko Declaration ¶¶ 1-9. In short, "if Ko committed a tort, he did so in Virginia." Mot. at 5.

Even plaintiff admits that defendant "is correct that the services rendered by Defendant Ko in this case physically took place in Virginia." Opp. at 2. Plaintiff argues that venue nevertheless is proper here because the claim of the assignor's injured employee was brought in the District of Columbia and Erie brought suit against the subcontractor in the District of Columbia. See id. at 3.

Where, as here, the Court's jurisdiction is based solely on diversity of citizenship, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). When a case is filed in an improper venue, the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff, while contesting the issue of proper venue, does not request that the Court transfer this case rather than dismiss it in the event that the Court determines that this district is not the proper venue.

Venue is not proper in this district under 28 U.S.C. § 1391(a) because the defendant does not reside in the District of Columbia, no substantial part of the events giving rise to plaintiff's claim occurred in the District of Columbia, and because this is not a case in which no other district is available. Plaintiff's reliance on the underlying injury to the assignor's employee is unavailing. As defendant points out, "because the general-venue statute protects the defendant, courts often focus on the activities of the defendant, rather than the plaintiff, in determining where a substantial part of the underlying events occurred." Abramoff v. Shake Consulting, LLP, 288 F. Supp. 2d 1, 4 (D.D.C. 2003). All of defendant's actions underlying plaintiff's complaint took place in Virginia.

Accordingly, the Court will grant defendants' motion to dismiss for improper venue, and will dismiss this complaint without prejudice to it being refiled in the Court where venue properly lies.[1] An Order consistent with the Memorandum Opinion will be issued this same day.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: June 20, 2008

---

[1] Because the Court grants defendant's motion to dismiss, it need not address the parties arguments with respect to defendant's motion to transfer for convenience under 28 U.S.C. § 1404(a). The Court will deny the motion to transfer as moot.